■ In the Matter of JARED J., a Person Alleged to be a Juvenile Delinquent, Appellant. [844 NYS2d 183]—

Order of disposition, Family Court, Bronx County (Mary E. Bednar, J.), entered on or about February 16, 2006, which adjudicated appellant a juvenile delinquent, upon a fact-finding determination that appellant had committed the act of unlawful

possession of a weapon by a person under 16, and placed him on probation for a period of 12 months, unanimously affirmed, without costs.

The court properly denied appellant's motion to suppress an incriminating statement he made, in the presence of police, in response to a question from his mother. The record supports the court's findings that the police sufficiently complied with the parental notification requirement of Family Court Act § 305.2 (3), and that there was no police interrogation, so that *Miranda* warnings were not required. After taking appellant into custody, the police contacted his mother without excessive delay and, in any event, they did not question him. Rather, they brought him home to his mother, who asked him, "What happened?" Appellant's mother did not act as an agent of the police (*see People v Ray*, 65 NY2d 282 [1985]), and there was no police conduct that could be viewed as the functional equivalent of interrogation (*see Rhode Island v Innis*, 446 US 291, 300-301 [1980]). Concur—Andrias, J.P., Buckley, Catterson, Malone and Kavanagh, JJ.